**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| NUCLEAR CARE PARTNERS, LLC, | Case No.: 2:24-cv-01441-APG-DJA |
| Plaintiff | **Order Requiring Plaintiff to Serve Defendants Ruben Mendoza and Stephen Burr with Plaintiff's Motion for a Temporary Restraining Order** |
| v. | |
| RUBEN MENDOZA, et al., | [ECF No. 7] |
| Defendants | |

Plaintiff Nuclear Care Partners, LLC (NCP) moves for an ex parte temporary restraining order (TRO) to enjoin defendants Ruben Mendoza and Stephen Burr from violating the noncompete agreements they entered into with NCP and from misappropriating and disclosing NCP's trade secrets and confidential and proprietary information. It also asks me to order Mendoza and Burr to return all documentation of trade secrets they have and remove and destroy any copies on their devices.

NCP asks me to grant this TRO without notice to Mendoza and Burr "[g]iven the sensitive nature of the trade secrets and confidential/proprietary information" that Mendoza and Burr are misappropriating, which makes time of the essence. ECF No. 7 at 9. It submits a verified complaint to support its allegations "that immediate and irreparable injury, loss, and damage will result to [NCP] before Mr. Mendoza and Mr. Burr can be heard in opposition" as Mendoza and Burr are already misappropriating NCP's trade secrets and NCP is already losing clients. *Id.* at 6, 9. It also argues that its verified complaint demonstrates that Mendoza and Burr are misappropriating these trade secrets despite their previous promises not to do so, making any further notice futile and likely to result in further damage to NCP.

/ / / /

Federal Rule of Civil Procedure 65(b)(1) states that I

> may issue a temporary restraining order without written or oral notice to the adverse party or its attorney only if: (A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.

The "circumstances justifying the issuance of an ex parte order are extremely limited" and "courts have recognized very few circumstances justifying the issuance of an ex parte TRO." *Reno Air Racing Ass'n, Inc. v. McCord*, 452 F.3d 1126, 1131 (9th Cir. 2006). An ex parte TRO may be appropriate where it is impossible to give notice to the adverse party because their location is unknown or they cannot be located in time for a hearing. *Id.* "In cases where notice could have been given to the adverse party, courts have recognized a very narrow band of cases in which ex parte orders are proper because notice to the defendant would render fruitless the further prosecution of the action." *Id.* (quotation omitted). To justify an ex parte TRO because notice would be fruitless, the plaintiff "must do more than assert that the adverse party would dispose of evidence if given notice." *Id.* (quotation omitted). Examples include if the adverse party has a history of disposing of evidence or violating court orders. *Id.*

NCP does not satisfy Rule 65(b)(1)'s standard to issue a TRO without notice to Mendoza or Burr. NCP apparently has made no efforts to give notice to Mendoza and Burr and does not adequately explain why it should not be required to do so. NCP simply says notice would be fruitless. It does not allege that Mendoza or Burr has a history of not complying with court orders, destroying evidence, or taking any other similarly extreme action. NCP did not file this suit or motion under seal, further undermining its request because Mendoza and Burr could find NCP's public filing. And NCP admits it has known of the defendants' activities for at least two

months, undercutting its argument of immediate and irreparable harm without an ex parte TRO. Consequently, I will not address the merits of NCP's TRO motion until Mendoza and Burr are properly served and have the opportunity to respond.

I THEREFORE ORDER that plaintiff Nuclear Care Partners, LLC will properly serve Ruben Mendoza and Stephen Burr with the summons, complaint, and motion for TRO. NCP must file proof that it completed proper service.

I FURTHER ORDER that Ruben Mendoza and Stephen Burr have 14 days after Nuclear Care Partners, LLC files its proof of completion of proper service to respond to the TRO motion.

DATED this 9th day of August, 2024.

_____
ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE